**.Fill in this information to identify your case**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO**

| | | |
|---|---|---|
| Debtor 1: | ECS BRANDS, LTD | 25-12101-TBM |
| | First Name  Middle Name  Last Name | |
| Debtor 2: | | Chapter: 7 |
| | First Name  Middle Name  Last Name | |

**Local Bankruptcy Form 2016-1.1**
**Cover Sheet for Application for Professional Compensation**
**(Other than Chapter 13 Debtor's Counsel)**

**Complete applicable sections and check applicable boxes.**

| | |
|---|---|
| Name of applicant: | Kutner Brinen Dickey Riley, P.C. |
| Authorized to provide professional services to: | ECS BRANDS, LTD. |
| Date of order authorizing employment: | May 13, 2025[1] |
| Periods for which compensation is sought: | April 11, 2025 to April 16, 2026 |
| Amount of fees sought: | $ 30,140 |
| Amount of expense reimbursement sought: | $ 343.22 |

This is a(n):

| | |
|---|---|
| ☐ | Interim Application |
| ☒ | Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose all prior fee applications:

| Date filed | Period covered | Total requested fees & expenses | Total allowed |
|---|---|---|---|
| n/a | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $0

---

[1] Counsel filed an Application to Employ Kutner Brinen Dickey Riley, P.C. on April 14, 2025 (Docket No. 7).

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                      )
                                            )      Case No. 25-12101-TBM
ECS BRANDS, LTD.                            )
EIN: 36-4922947,                            )      Chapter 7
   Debtor.                                  )

**APPLICATION FOR FINAL ALLOWANCE AND PAYMENT OF
ATTORNEY FEES AND REIMBURSEMENT OF COSTS FOR
KUTNER BRINEN DICKEY RILEY, P.C.**

Kutner Brinen Dickey Riley, P.C. ("Applicant"), having been appointed to represent the Debtor ECS Brands, Ltd. ("Debtor") in the above-captioned Chapter 11 case prior to conversion to Chapter 7, makes this Application for Final Allowance and Payment of Attorney Fees and Reimbursement of Costs for Kutner Brinen Dickey Riley, P.C. pursuant to 11 U.S.C. §§ 330, 331, 503(b) and L.B.R. 2016-1 based on the following:

1.      The Debtor filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on April 11, 2025 ("Petition Date").  The Debtor operated as a debtor-in-possession until the Chapter 11 case was converted to Chapter 7 on April 16, 2026 (Docket No. 169).

2.      Debtor is a Colorado limited liability company formed in 2018. Vodka Brands owns 100% of the Debtor. During the Chapter 11 case, Arthur Jaffee was a Colorado resident and Manager of the Debtor. Mr. Jaffee was also the founder of the Debtor. ECS Holdings, LLC ("Holdings") owns approximately 62.58% of Vodka Brands. Jaffee Holdings, LLC is the sole member of Holdings. Mr. Jaffee is the sole member and manager of Jaffee Holdings, LLC.

3.      On April 14, 2025, the Debtor filed its Application to Employ Attorneys with the Court, seeking authorization to employ Applicant to represent the Debtor in its Chapter 11 case. The Court entered an Order approving the Debtor's employment of Applicant on May 13, 2025. This is Applicant's first and final fee application.

4.      This application includes the fees and costs incurred by Applicant during the period April 11, 2025 through April 16, 2026. Counsel withdrew from representation of the Debtor upon conversion of the case to Chapter 7.

5.      The Debtor paid Applicant a pre-petition retainer in the amount of $23,020 which was approved by the Court on May 13, 2025. Applicant did not file an interim fee application and paid itself $0 from the retainer. Mr. Jaffee, representative of the Debtor, also contributed to the retainer for Debtor's counsel from his personal funds on a post-Petition Date basis. Counsel filed a Notice under Bankruptcy Rule 2016(b) disclosing a $5,000 payment made by Mr. Jaffee, to be held for the benefit of the Debtor. (Docket No. 141). Mr. Jaffee made additional contributions from his personal funds on behalf of the Debtor, including a payment of $1,500 on February 25, 2026, and $1,130 on April 14, 2026. Counsel currently holds a total of $30,650 in its trust account ("Funds"). Counsel does not and has never represented Mr. Jaffee.

6.      This Application seeks final approval of fees for the Chapter 11 period and authorization to apply the Funds to outstanding balances.

7.      In connection with this case and pursuant to Chapter 11 of the Bankruptcy Code for the time period of April 11, 2025 through April 16, 2026 ("Compensation Period"), Applicant has performed the services set forth in the schedules attached hereto and incorporated herein by reference as Exhibits A and B (narrative of services performed and billing statements) for fees and costs as therein set forth totaling $30,483.22(fees: $30,140; costs: $343.22).

8.      The billing statements attached hereto as Exhibit B set forth Applicant's time and cost charges.  The time for each month is billed in a discrete category or activity.  Counsel has used its best efforts to accurately categorize time for billing statement purposes.  In some instances, a meeting, telephone call or other entry may apply to more than one billing activity.  In those instances, counsel has either allocated the time to the applicable activities or placed a time entry in what is believed to be the dominant focus of the time entry.  The services rendered as more fully set forth in the attached billings and supporting documents have consisted of:

a. Providing the Debtor with legal advice regarding its powers and duties as a debtor-in-possession;

b. Assisting the Debtor in preparing and amending its Schedules, Statement of Financial Affairs, and Monthly Operating Reports;

c. Preparing and filing a motion for use of cash collateral and motion to pay employees' pre-Petition Date wages;

    d.   Working with the Debtor to propose a feasible Plan of Reorganization and Disclosure Statement;

    e.   Attending necessary hearings in the Bankruptcy Court;

    f.   Advising Debtor regarding strategy, options, potential dismissal of the case.

9.    Costs of $343.22 include postage, copies, and filing fees directly associated with this case.

10.    The charges for services rendered and the costs incurred are reasonable and were necessarily incurred in the representation of the Debtor.  All services were necessary and resulted in the Debtor having the time to attempt to rehabilitate its business. Debtor faced strict regulatory changes to its industry. Debtor made significant efforts to generate funds during the Chapter 11 case to cure its arrearage with its landlord while also negotiating a new or extension of the lease for its operations, which term ended in November 2025. Although these battles were difficult, the Debtor attempted to generate more business to keep its employees working and to be able to fund a Chapter 11 plan. Applicant's services assisted the Debtor, to a certain extent, to remain in compliance with the Bankruptcy Code and the United States Trustee Operating Guidelines and Reporting Requirements, to preserve the Debtor's legal rights, and to administer the Debtor's Chapter 11 estate.

11.    Despite the Debtor's attempts, it was not been able to rehabilitate its operations. Changes in Federal laws negatively affected the Debtor's business. The Debtor was not able to negotiate lease modifications with its pre-Petition Date landlord and was required to move out in early 2026. In the approximate year the Debtor was in Chapter 11, the Debtor struggled to improve cash flow. The Debtor prepared a draft Plan of Reorganization, however, due to ongoing financial hurdles, it could not propose a feasible budget. Debtor stopped operating and moved to dismiss the case due to the Debtor's limited assets and specialized and over-encumbered equipment.

12.    The Debtor received copies of all of Applicant's billing statements while in Chapter 11, and did not object to their allowance. Counsel will incur additional minimal costs for mailing this fee application, and has not billed any time for preparation of this fee application.

WHEREFORE, Applicant prays that the Court, after notice and opportunity for a hearing, allow on a final basis the payment of all of its attorney fees and costs for the period from April 11,

2025 through April 16, 2026, in the amount of $30,483.22(fees: $30,140; costs: $343.22), authorize Applicant to apply the Funds held in trust to the allowed fees and costs, and grant such further and additional relief as to the Court may appear proper.

DATED: July 28, 2026                    Respectfully submitted,

By:   /s/  Jenny M.F. Fujii
            Jeffrey S. Brinen, #20565
            Jenny M.F. Fujii, #30091
            **KUTNER BRINEN DICKEY RILEY, P.C.**
            1660 Lincoln St., Suite 1720
            Denver, CO 80264
            Telephone: (303) 832-2400
            E-Mail: jmf@kutnerlaw.com

**CERTIFICATE OF SERVICE**

I certify that on July 28, 2026, I served a complete copy of the foregoing **COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION; APPLICATION FOR FINAL ALLOWANCE AND PAYMENT OF ATTORNEY FEES AND COSTS FOR KUTNER BRINEN DICKEY RILEY, P.C.; AND NOTICE OF APPLICATION FOR FINAL ALLOWANCE AND PAYMENT OF ATTORNEY FEES AND COSTS FOR KUTNER BRINEN DICKEY RILEY, P.C.** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Alison Goldenberg, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Harvey Sender, Esq.
Chapter 7 Trustee
600 17th Street
Suite 2800 South
Denver, CO 80202

Patrick M. Sweet, Esq.
Burg Simpson, Esq.
Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, CO 80112

Alan C. Hochheiser, Esq.
Maurice Wutscher LLP
23611 Chagrin Blvd.
Suite 207
Beachwood, OH 44122

Sophia E. Kyziridis, Esq.
Burg Simpson Eldredge Hersh & Jardine PC
40 Inverness Drive East
Englewood, CO 80112

Torben M. Welch, Esq.
138 East 12300 South
Suite C-1040
Draper, UT 84020

Jason S. Rigoli, Esq.
Furr and Cohen, P.A.
2255 Glades Road
Suite 419A
Boca Raton, FL 33431

Bradley A. Levin, Esq.
Gideon S. Irving, Esq.
Levin Sitcoff, P.C.
455 Sherman Street
Suite 490
Denver, CO 80203

Deanna Westfall, Esq.
Office of the Colorado Attorney General
1300 Broadway, 8th Floor
Denver, CO 80026

Gideon Irving, Esq.
Levin Sitcoff PC
455 Sherman Street
Suite 490
Denver, CO 80203

Jeffrey A. Weinman, Esq.
Michael Best & Friedrich LLP
675 15th Street
Suite 2000
Denver, CO 80202

Dean E. Richardson, Esq.
Gould & Ratner, LLP
1801 Wewatta Street
11th Floor
Denver, CO 80202

Bailey C. Pompea, Esq.
Bonds Ellis Eppich Schafer & Jones LLP
420 Throckmorton Street
Suite 1000
Fort Worth, TX 76102

**/s/Vicky Martina**
**Vicky Martina**

**EXHIBIT A**

**PROFESSIONAL HOURLY RATES**

| ATTORNEYS | BILLING RATE |
|---|---|
| Jenny M.F. Fujii | $440/hour |

**LIST OF PARTIES REFERENCED IN APPLICANT'S BILLING STATEMENTS**

| | |
|---|---|
| Arthur Jaffee | Debtor's representative |
| Alison Goldenberg | Attorney for the United States Trustee ("UST") |

**NARRATIVE SUMMARY OF BILLING STATEMENTS**

CHAPTER 11 AND GENERAL ADMINISTRATION

During the Compensation Period, Counsel assisted the Debtor with preparing and filing its Voluntary Petition, Schedules, Amended Schedules, and Statement of Financial Affairs. Counsel advised the Debtor on its rights and responsibilities as a debtor-in-possession under the Bankruptcy Code and the United States Trustee Operating Guidelines and Reporting Requirements. Counsel reviewed the Debtor's budget and analyzed claims against the estate. Counsel assisted the Debtor with preparing its Initial Financial Report and monthly operating reports. Counsel aided the Debtor in preparing for the Initial Debtor Interview and attended the Initial Debtor Interview with the Debtor. Counsel prepared for and attended the Section 341 Meeting of Creditors and advised the Debtor regarding changes to its Schedules and Statement of Financial Affairs.

Counsel addressed issues raised by the US Trustee, as well as questions raised by creditors.

Counsel prepared several applications to employ professionals. The Debtor employed Bankruptcy counsel and an accountant to prepare financial documents and forms. Counsel addressed concerns raised regarding accountant's employment, prepared a supplement to the application to employ, and resolved the objection.

Counsel prepared first day motions, including a motion for use of cash collateral and a motion to pay employees pre-Petition Date wages. Counsel communicated with the Small Business Administration ("SBA") regarding cash collateral use. The motions were approved after counsel attended a hearing supporting the first day motions.

Counsel prepared a motion to dismiss the Bankruptcy case and attended a hearing and oral ruling on the same.

The services provided were necessary for the estate to remain in compliance with the Debtor's obligations under the Bankruptcy Code, provide the Debtor with the ability to attempt to reorganize, and allow the Debtor to use cash collateral during the Chapter 11 case.

| Professional | Time Spent | Fees Charged |
|---|---|---|
| Jenny M.F. Fujii | 58.2 hours | $ 25,608.00 |
| Average Hourly Rate: $ 440 | | |

## PLAN AND DISCLOSURE STATEMENT

Counsel advised the Debtor regarding potential plan of reorganization options. Counsel drafted a plan and disclosure statement with relevant exhibits. The Debtor's post-Petition Date performance, ongoing changes in the Debtor's industry and standards, as well as inconsistent client orders and payments made it difficult for the Debtor to file a feasible plan. Regulatory and product specific changes created obstacles for operations that were outside of the Debtor's control. Counsel continued to work with the Debtor regarding different options to move forward in Chapter 11.

| Professional | Time Spent | Fees Charged |
|---|---|---|
| Jenny M. Fujii | 8.6 hours | $ 3,784.00 |
| Average Hourly Rate | $440.00 | |

## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

Counsel advised the Debtor regarding ongoing use, cure, and extension of the Debtor's existing lease for its operations. Debtor's entire operations were located in one facility. Debtor attempted to negotiate with its landlord regarding continued occupancy in the premises and an agreement on curing pre-Petition Date arrearages. Counsel held multiple calls with client regarding lease issues, which were not billed to the Debtor.  Debtor was unable to keep up with post-Petition Date rent and was not able to enter into an agreement with its landlord regarding cure and future occupancy for the Debtor's operations.

| Professional | Time Spent | Fees Charged |
|---|---|---|
| Jenny M. Fujii | 1.0 hours | $ 440.00 |
| Average Hourly Rate | $440 | |

## CLAIM OBJECTIONS

Counsel addressed issues raised by Debtor regarding multiple claims filed by the same creditor. This issue became apparent when a General Unsecured Creditors Committee was formed. Debtor's documentation, however, could not show the duplication of the claims.

| Professional | Time Spent | Fees Charged |
|---|---|---|
| Jenny M. Fujii | 0.7 hours | $ 308.00 |
| Average Hourly Rate | $440 | |